IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00945-JPG |
| ) | |
| SALVADOR A. GODINEZ, and ) | |
| JASON GAMMETT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Turner initiated this civil rights pursuant to 42 U.S.C. § 1983 while he was an inmate housed at Robinson Correctional Center. He has recently been paroled and his address of record is in Hazelcrest, Illinois.

Turner contends that his constitutional rights were violated when he was issued a "parole violation warrant" regarding his failure to secure a host cite where he could reside upon release on parole, and his preliminary hearing was not held for approximately 47 days. Turner brings suit against Salvadore A. Godinez, Director the Illinois Department of Corrections, and Jason Gamett, Chief of Parole Operations for the Department. He seeks only compensatory damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. As pleaded, the complaint fails to state claim upon which relief can be granted.

## Analysis

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Monetary damages are an available remedy for individual capacity claims. *See*, e.g., *Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012). Defendants Godinez and Gamett are named in the caption of the complaint, but the narrative portion of the complaint makes no mention of either defendant. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Thus, the mere fact that each defendant occupies a supervisory position is insufficient for liability to attach. Allegations that senior

officials were personally responsible for creating the policies, practices and customs that caused a constitutional deprivation can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). However, no practice or policy is alleged that could link Defendants to the failure to timely afford Plaintiff a hearing. Attached to the complaint is what appears to be a consent decree or settlement agreement affording those taken into custody and housed at the Cook County Jail a preliminary hearing within ten days after arrest on a parole violation warrant (*see* Doc.1, pp. 13-16). That decree or agreement has no apparent bearing on Plaintiff' situation at Robinson Correctional Center, nor does it reflect a practice or policy attributable to Defendants.

No individual capacity claim has been sufficiently pleaded, and any official capacity claim fails because the only remedy sought is monetary damages. Official capacity suits are a way of suing the governmental entity of which the defendant official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Liability stems from the execution of an official policy, practice or custom by a government official. *See*, e.g., *Sow v. Fortville Police Dep't,* 636 F.3d 293, 300 (7th Cir.2011) (citing *Graham,* 473 U.S. at 165–66). However, the Eleventh Amendment precludes an award of monetary damages in an official capacity suit, including punitive damages, leaving declaratory and injunctive relief as possible remedies. *See* 42 U.S.C. § 1981a(b)(1); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010).

The Court need not delve further into the merits of Plaintiff Turner's constitutional claims.

**Recruitment of Counsel**

Plaintiff seeks recruitment of counsel (Doc. 4). He contends that being in prison severely impedes his ability to litigate this case. He also contends that an attorney would better litigate his case. According to Plaintiff, he has unsuccessfully sought representation, as demonstrated by attached letters from carious attorneys (*see* Doc. 4, pp. 3-8).

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

As a preliminary matter, the documentation attached as evidence of Plaintiff's efforts to secure counsel is misleading, to say the least. His letter seeking representation refers to an ongoing case in which defendants are represented by counsel—obviously not this newly filed

case. The first letter of rejection has had the month and day removed from the dateline, and the attorney refers to a February 21, 2014 request for assistance. The events at issue in this case did not even occur until March 2014. Another rejection letter is dated February 6, 2014—again, well before the events at issue in this case.

In any event, the complaint is well written, although insufficient as drafted to state a claim. The errors noted in this order are of the sort that can be cured easily, and there is nothing to indicate that Plaintiff cannot draft the amended complaint and proceed *pro se*, particularly now that he has been released from prison. The claims are not legally difficult, and being out of prison should not make the discovery process any more onerous in this particular situation. For these reasons, the recruitment of counsel is not warranted. The Court, however, will remain open to recruiting counsel.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) is **DISMISSED** without prejudice; accordingly, Defendants **SALVADORE A. GODINEZ** and **JASON GAMETT** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that on or before **October 15, 2014**, Plaintiff shall file an amended complaint, or this action will be dismissed with prejudice and Plaintiff will be assessed a "strike" for purposes of 28 U.S.C. § 1915(g). Any amended complaint must undergo preliminary review pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (Doc. 4) is **DENIED** without prejudice.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 24, 2014**

                                           *s/J. Phil Gilbert*
                                           **United States District Judge**