IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00945-JPG |
| ) | |
| SALVADOR A. GODINEZ, and ) | |
| JASON GAMETT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Turner initiated this civil rights pursuant to 42 U.S.C. § 1983 while he was an inmate housed at Robinson Correctional Center. He has been paroled and his address of record is in Hazelcrest, Illinois. Turner contends that his constitutional rights were violated when he, as a sex offender, was issued a "parole violation warrant" regarding his failure to secure a host cite where he could reside upon release on parole, and his preliminary hearing was not held for approximately 47 days. Turner brings suit against Salvadore A. Godinez, Director the Illinois Department of Corrections ("I.D.O.C."), and Jason Gamett, Chief of Parole Operations for the Department. He seeks only compensatory damages.

Turner's original complaint was dismissed without prejudice because the defendants were not mentioned in that narrative, and because monetary damages were unavailable from the defendants in their official capacities (Doc. 12). His amended complaint (Doc. 15) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. As pleaded, the complaint fails to state claim upon which relief can be granted.

## Analysis

Plaintiff's principal contention is clear: he did not receive a preliminary hearing on his parole revocation for 47 days, instead of ten days, in violation of his rights to due process and equal protection under the Fourteenth Amendment—and contrary to a settlement agreement in the class action *King v. Walker*, Case No. 06-204 (N.D. Ill. 2006). All future IDOC parolees were included as class members in that action regarding the IDOC's failure to provide preliminary hearings within ten days.[1] Turner does not make any claim under the *King* consent decree; rather, that case is cited merely as imparting knowledge upon the defendants of the ten-day timeframe for holding a preliminary hearing.

---

[1] The *King* consent decree was amended in 2014. A review of that decree reveals that Plaintiff Turner is not even a class member to that case. *See* Case No. 06-cv-204, Doc. 204 N.D. Ill. April 24, 2014). The class of parolees is defined as those who are "on parole with the IDOC and [are] taken into custody for an alleged parole violation *in Cook County* pursuant to a warrant issued by the IDOC under 730 ILCS 5/3-14-2(c)…." *Id*. (emphasis added). Turner was not taken into custody in Cook County. In any event, any alleged violation of the consent decree would have to be raised in that case.

More specifically, Turner now alleges that Salvadore A. Godinez, Director of the I.D.O.C., is "directly responsible for the overall operations of the (I.D.O.C.) and of the staff in his command." (Doc. 15, p. 5). Jason Gamett, Chief of Parole Operations for the I.D.O.C. is directly responsible for parole operations." (Doc. 15, p. 5). Plaintiff contends that, in light of *King v. Walker*, Defendants Godinez and Gamett (successors to the positions within the I.D.O.C. previously occupied by the defendants in *King v. Walker*) had "knowledge and thereby the responsibility to comply with the Court's order, and has deliberately failed to do so" [sic] (Doc. 15, p. 6). It is further alleged that Godinez and Gamett, "through their policies and procedures were deliberately indifferent, and caused the deprivation of Plaintiff Turner's constitutional rights." (Doc. 15, p. 6).

Plaintiff contends that his right to due process and the equal protection of the laws under the Fourteenth Amendment have been violated. Presumably, the equal protection claim is premised upon how sex offenders are not released it they cannot meet the statutory terms for release regarding approved housing and electronic monitoring. Again, only monetary damages are sought against the defendants, who are sued in the individual and official capacities.

The amended complaint must be dismissed for the following reasons.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Monetary damages are an available remedy for individual capacity claims. *See*, e.g., *Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012).

The doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill.*

*State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Thus, the mere fact that each defendant occupies a supervisory position is insufficient for liability to attach. Knowing that a preliminary hearing should occur within ten days, alone, is insufficient for liability to attach. Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused a constitutional deprivation *can* suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). However, the amended complaint only alleges that Godinez and Gamett, "through their policies and procedures[,] were deliberately indifferent, and caused the deprivation of Plaintiff Turner's constitutional rights." (Doc. 15, p. 6). That bald assertion does not satisfy the *Twombly* pleading standard. The amended complaint does not allege or suggest that there was a post-*King* policy or practice of not providing timely preliminary hearings—only that Plaintiff did not receive his hearing within ten days. Thus, the amended complaint fails to state any viable individual capacity claims.

Official capacity suits are a way of suing the governmental entity of which the defendant official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Liability stems from the execution of an official policy, practice or custom by a government official. *See*, e.g., *Sow v. Fortville Police Dep't,* 636 F.3d 293, 300 (7th Cir. 2011) (citing *Graham,* 473 U.S. at 165–66). Again, the amended complaint offers only a bald assertion that Godinez and Gamett, "through their policies and procedures" were deliberately indifferent and cause the 47-day delay. (Doc. 15, p. 6). The amended complaint does not even allege that there was a post-*King* policy or practice of not providing timely preliminary hearings—only that Plaintiff did not receive his hearing within ten days. Furthermore, the Eleventh Amendment precludes an award of monetary damages in an official capacity suit, including punitive damages, leaving declaratory and

injunctive relief as possible remedies. *See* 42 U.S.C. § 1981a(b)(1); *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Thus, the official capacity claims also fail.

The failure of the amended complaint to state a colorable constitutional claim begs the question, should Plaintiff be given a third opportunity to plead his case? Leave to amend need not be granted when a party has had multiple opportunities to amend but failed to cure a defective claim (*Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012)), or when further amendment would be futile (*McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011). The Court is mindful that Plaintiff is proceeding *pro se*, and that he has filed a second motion for counsel (Doc. 16). Nevertheless, it appears that further amendment would be futile.

Prisoner Review Board members and I.D.O.C. officials have absolute immunity from suit with respect to scheduling preliminary hearings. *Walrath v. United States,* 35 F.3d 277, 281-2 (7th Cir. 1994); *Thompson v. Duke,* 882 F.2d 1180, 11-83-84 (7th Cir.1989); *Trotter v. Klincar,* 748 F.2d 1177, 1182 (7th Cir.1984). *See*, e.g., *Willis v. Prisoner Review Bd.*, No. 12 C 1939, 2013 WL 2467708, at *2 (N.D. Ill. June 6, 2013) (dismissing a case similar to Turner's because of the defendants' absolute immunity). Thus, appointing counsel to aid Plaintiff in drafting a second amended complaint would be futile. Therefore, Plaintiff's motion for counsel (Doc. 16) will be denied, and the amended complaint will be dismissed with prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's motion for counsel (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that all claims against all Defendants, and the amended complaint (Doc. 15), are **DISMISSED with prejudice**. Judgement shall enter accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: September 29, 2015**

*s/J. Phil Gilbert*
**United States District Judge**